

ENTERED
07/26/2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| ULTRA PETROLEUM CORP., *et al* § | CASE NO: 16-32202 | |
| Debtor(s) § | | |
| § | CHAPTER 11 | |
| § | | |
| DOYLE HARTMAN, *et al* § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 16-3250 | |
| § | | |
| ULTRA PETROLEUM CORP., *et al* § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION

Doyle and Margaret Hartman filed this adversary proceeding against Ultra Petroleum Corporation *et al* seeking to recover a percentage of Ultra's proceeds attributable to its oil and gas hedging transactions. The Hartmans now move for entry of a final judgment pursuant to FED. R. CIV. P. 54(b) on the Court's order granting Ultra's motion for partial summary judgment. The Hartmans' motion for entry of a Rule 54(b) judgment is denied.

### Background

On April 29, 2016, Ultra filed a voluntary chapter 11 bankruptcy petition. (Case No. 16-32202). The Hartmans are owners of a net profits interest in the operations of multiple oil and gas leases located within the Pinedale Unit Area of Sublette County, Wyoming, under which Ultra has a working interest. On August 23, 2016, the Hartmans filed Proof of Claim 157 in Ultra's chapter 11 bankruptcy case; Proof of Claim 157 asserts multiple claims against Ultra, including one for allegedly underreported revenue realized from Ultra's hedging transactions under the Pinedale leases. (ECF No. 27 at 9; ECF No. 50 at 2–3). On November 7, 2016, the Hartmans filed this adversary proceeding to recover monies allegedly due to them from Ultra as

part of their net profits interest after Ultra refused to include the full fixed-price hedge gains received from net profits interest-burdened lease production in the net profits interest accounting. (ECF No. 2 at 23).

Ultra moved to dismiss the Hartmans' adversary proceeding under FED. R. CIV. P. 12(b)(6) on December 19, 2016. (ECF No. 27). In its motion to dismiss, Ultra argued that the Pinedale Contract's terms are unambiguous and do not provide the Hartmans with any interest in Ultra's separate and purely financial hedging agreements. (ECF No. 27 at 13). At the Court's suggestion, the parties agreed to convert Ultra's motion to dismiss into a motion for partial summary judgment. (ECF No. 36 at 5). The Hartmans then filed a cross motion for summary judgment in which they argued that Ultra's hedging proceeds should be included in the calculation of their net profits interest. (ECF No. 35 at 41).

On April 3, 2017, the Court took Ultra's motion for partial summary judgment and the Hartmans' cross motion for summary judgment under advisement. The Court issued an order on May 16, 2017, granting Ultra's motion but denying the Hartmans' motion. The Court's order ultimately found that the Hartmans were not entitled to any of Ultra's hedging proceeds. (ECF No. 50; ECF 51). Subsequently, the Hartmans filed an appeal on this matter. (ECF No. 55).

Ultra filed an answer to the Hartmans' amended complaint on June 13, 2017. (ECF No. 60). Of particular importance, Ultra's answer includes a counterclaim for the recovery of a portion of the NPI payments Ultra previously made to the Hartmans that mistakenly included a portion of Ultra's hedging proceeds. (ECF No. 60 at 21–22). Ultra's answer additionally included an affirmative defense for an offset of any sums it may be found to owe to the Hartmans in the event the Court finds the Hartmans' claims to have merit. (ECF No. 60 at 15).

With their appeal pending, on May 30, 2017, the Hartmans filed a motion for entry of final judgment pursuant to Rule 54(b) on the Court's granting of Ultra's summary judgment motion and denying their cross motion. The Hartmans' motion argues that their hedging proceeds claim is legally severable and factually distinct from the remaining claims in this adversary proceeding, that the Court fully resolved the hedging proceeds claim, and that no just reasons exist for delaying entry of final judgment on that claim. (ECF No. 57 at 2–5). Accordingly, the Hartmans request that the Court direct entry of a final judgment on the claim pursuant to Rule 54(b). (ECF No. 57 at 6).

On June 19, 2017, Ultra filed a response to the Hartmans' motion for entry of a Rule 54(b) judgment. In their response, Ultra asserts that the Hartmans' hedging proceeds claim has not been fully decided because it is not separable from Ultra's counterclaim and affirmative defense of setoff. Ultra also argues that the Hartmans failed to carry their burden of demonstrating that delaying entry of final judgment would create a danger of hardship or injustice to them.

The Hartmans filed a reply to their motion for entry of a Rule 54(b) judgment requesting that, if the Court does not grant their Rule 54(b) relief, the Court clarify that its order on Ultra's motion for summary judgment was not a "final judgment" for purposes of appeal. (ECF No. 66 at 2).

**Jurisdiction**

This Court has jurisdiction to consider its own jurisdiction and determine whether it can and should enter a final judgment under Rule 54(b) on the Court's summary judgment order. *See Cargill Ferrous Intern. v. Sea Phoenix MV,* 325 F.3d 695 (5th Cir. 2003); *In re Am. Heartland Sagebrush Sec. Investments, Inc.*, 334 B.R. 848, 849 (Bankr. N.D. Tex. 2005); *see also* 28 U.S.C.

§ 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), and (O).

## Analysis

Under Rule 54(b),

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P. 54(b).

Accordingly, two elements must be met in order to obtain a final judgment under Rule 54(b): (i) there must be a final judgment on at least one—but not every—claim in the case within the meaning of 28 U.S.C. § 1291; and (ii) there is no just reason for delaying entry of the final judgment. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 8 (1980).

### Has the Hartmans' Hedging Proceeds Claim Been Fully Resolved?

A judgment—a cognizable claim for relief—is final under Section 1291 when there is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* at 7. In other words, a final judgment "generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). To determine whether a claim has been finally decided, courts examine "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues . . . ." *Curtiss-Wright Corp.*, 446 U.S. at 2.

"The mere presence of nonfrivolous counterclaims does not render a Rule 54(b) certification inappropriate." *Curtiss-Wright Corp.*, 446 U.S. at 2. However, nonfrivolous

counterclaims may be significant for Rule 54(b) purposes depending on their relationship with the claims on which certification of finality are sought. *Id.* at 9; *see also Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 452 (1956) (finding that counterclaims are not to be evaluated differently from other types of claims in the Rule 54(b) context).

In support of their motion for entry of a Rule 54(b) judgment, the Hartmans argue that this Court definitively resolved the issue of whether proceeds related to Ultra's hedging transactions should be included in the calculations of the Hartmans' net profits interest through its granting of partial summary judgment to Ultra on this issue. (ECF No. 57 at 3). Accordingly, the Hartmans assert that this requirement for a final judgment to be present in the case is satisfied. (ECF No. 57 at 3–4).

In contrast, Ultra argues that the Hartmans' hedging proceeds claim is not ripe for final judgment because it is not separable from the remaining claims in this case, including Ultra's counterclaim and affirmative defense found within its answer. (ECF No. 65 at 3). Ultra concludes that the Hartmans' hedging proceeds claim is not ripe for final judgment under Rule 54(b). (ECF No. 65 at 3).

The Hartmans' hedging proceeds claim has not been finally resolved within the context of Rule 54(b). The relevant remaining claims under review in regards to the Hartmans' adversary proceeding are Ultra's counterclaim and affirmative defense. (ECF No. 60 at 15, 21–22; ECF No. 65 at 2). These claims are not separable from the Hartmans' hedging proceeds claim. Although the Court concluded in its summary judgment analysis that the Hartmans are not entitled to any of Ultra's hedging proceeds, the issues remain in the adversary proceeding whether the Hartmans received any such proceeds in their net profits interest payments, whether any alleged overpayments would be recoverable, and whether Ultra may set off those amounts

from any amounts it may owe to the Hartmans. (ECF No. 60 at 15, 21–22). The Court's summary judgment ruling did not definitively end this adversary proceeding on the merits, instead leaving the Court with multiple determinations to make before ending the litigation and finally executing its judgment. Accordingly, the Court finds that it has not fully resolved the Hartmans' hedging proceeds claim and therefore denies the Hartmans' motion.

### *Is There Just Reason to Delay Entry of a Final Judgment as to the Hartmans' Claim?*

If the Court had determined that the Hartmans' hedging proceeds claim had been finally decided, the Court would then need to also find that there is "no just reason for delay in entering the final judgment." *Curtiss-Wright Corp.*, 446 U.S. at 8. No definitive test guides the Court on whether there is just reason to delay entry of final judgment under Rule 54(b). *Id.* at 10–11 ("[W]e are reluctant either to fix or sanction narrow guidelines for the district courts to follow."). Instead, a court's determination of this element is a discretionary act. *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988).

Typically, when determining whether the moving party has established a compelling reason why an immediate appeal of the presiding court's decision should be allowed, a court balances two judicial administrative policies: "avoiding the 'danger of hardship or injustice through delay which would be alleviated by immediate appeal' and 'avoid[ing] piecemeal appeals.'" *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000). A court looks to the particular facts of the case and may consider such factors as: "(1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to

be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Abecassis v. Wyatt*, 2010 WL 2671576, at *2 (S.D. Tex. June 30, 2010).

To meet their burden on this element, the Hartmans argue that their hedging proceeds claim involves tens of millions of dollars, which constitutes the majority of the damages they seek in this adversary proceeding. (ECF No. 57 at 5). Additionally, the Hartmans assert that much of the discovery related to all of their claims may significantly overlap with discovery on their hedging proceeds claim. (ECF No. 57 at 5). Entry of a final judgment under Rule 54(b), in the Hartmans' opinion, removes the possibility of duplicative discovery should the appeals court reverse this Court's summary judgment order and reduces the inefficiencies potentially created if an appeal is taken only after all claims have been resolved by this Court. (ECF No. 57 at 5).

In response to the Hartmans' arguments, Ultra argues that the Hartmans failed to identify any hardship or injustice that would result from denying their motion for a final judgment under Rule 54(b). (ECF No. 65 at 4). Specifically, Ultra asserts that the Hartmans point only to the *possibility* that an immediate entry of final judgment on their hedging proceeds claim could reduce inefficiencies for both parties; this possibility only arises if the appellate court reverses the Court's summary judgment ruling. (ECF No. 65 at 4–5). Ultra accordingly finds that the danger of hardship or injustice described by the Hartmans is, at most, an inconvenience falling short of the type of harm necessitating a Rule 54(b) judgment. (ECF No. 65 at 5).

The Hartmans failed to carry their burden of showing that there is no just reason for delay in entering final judgment under Rule 54(b) in this case. No showing has been made or offered that an imminent and tangible hardship or injustice exists that necessitates the entrance of a Rule 54(b) judgment on the Hartmans' hedging proceeds claim. Additionally, entering such a

judgment on the hedging proceeds claim would lead to the type of piecemeal appeals process that the judicial system attempts to avoid when considering a Rule 54(b) motion. Still at issue in this proceeding and relevant to the hedging proceeds claim are Ultra's counterclaim and affirmative defense. These related claims may be later appealed by either party as they are decided, which would go against efficient and uniform judicial administration. Because of these findings, the Court determines that just reasons exist for delaying the entry of a final judgment on the Hartmans' hedging proceeds claim.

### *Clarification of the Court's Order on Ultra's Motion for Summary Judgment*

In the alternative to their motion for entry of a Rule 54(b) judgment, the Hartmans seek a clarification that the Court's order on Ultra's motion for summary judgment was not a "final judgment" for purposes of appeal and the attendant deadlines related thereto. (ECF No. 66 at 2). Because it sees no ambiguity in its summary judgment order, the Court clarifies that its order was not a final judgment.

### Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **July 26, 2017.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE